## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JAMES BAREFIELD, on behalf
of himself and all similarly situated
employees,**

      **Plaintiff,**

vs.                                                CASE NO. 8:07-cv-1610-T-27TBM

**ROB NOOJIN ROOFING, INC. and
ROB NOOJIN,**

      **Defendants.**

_____/

## ORDER

**BEFORE THE COURT** are: (1) Defendants' Motion for Award of Attorneys' Fees and Costs (Dkt. 43), to which Plaintiff has responded in opposition (Dkt. 50); (2) Defendants' Motion for Rule 11 Sanctions (Dkt. 44), to which Plaintiff has responded in opposition (Dkt. 49); and (3) Plaintiff's Verified Motion for Relief from Judgment Pursuant to Rule 60(b) (Dkt. 55), to which Defendants have responded in opposition (Dkt. 58). Upon consideration, the parties' motions are DENIED.

### *Background*

On September 10, 2007, Plaintiff James Barefield ("Barefield") commenced this purported collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), for unpaid overtime compensation against Defendants Rob Noojin Roofing, Inc. ("Noojin Roofing") and Rob Noojin, individually ("Noojin"). (Dkt. 1). Plaintiff simultaneously filed the consent-to-join of opt-in Plaintiff David Bradley ("Bradley"). (Dkt. 3).

On July 7, 2008, Defendants filed an amended motion for summary judgment. (Dkt. 27). Three days later, Plaintiffs' counsel, Andrew Frisch, moved to withdraw, representing that he had only been able to contact Barefield once, on the day before mediation, and that he had "reason to question the validity of Plaintiff [*sic*] and opt-in Plaintiff's claims." (Dkt. 32 at 2). The Court denied the motion without prejudice, directed Plaintiffs to respond to the motion, and set the motion for hearing on July 31, 2008. (Dkt. 33). Following the hearing, the Court granted the motion for summary judgment, finding that Plaintiffs had failed to demonstrate that Defendants were covered employers under the FLSA. (Dkt. 41). Specifically, Plaintiffs failed to provide any evidence that Noojin Roofing used goods produced in interstate commerce or that Noojin Roofing produced goods for interstate commerce.

Plaintiff Barefield now moves to set aside the August 4, 2008 Order on Defendant's motion for summary judgment, claiming that there is "newly discovered evidence" in the form of an affidavit from opt-in Plaintiff Bradley, which also demonstrates that Defendants committed fraud on the Court. In their motions, Defendants request attorneys' fees and costs as a prevailing party pursuant to the FLSA, as well as in the form of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and this Court's inherent powers. The parties' motions are addressed in turn.

### 1. *Plaintiff's Motion for Relief from Judgment*

Plaintiff requests relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure on two grounds: (1) newly discovered evidence; and (2) fraud on the Court. Plaintiff bases the motion on a newly filed affidavit from opt-in Plaintiff Bradley, in which Bradley avers that

the goods used by Defendants traveled in interstate commerce. (Dkt. 55-2,Bradley Aff., ¶¶ 6-7).[1] This evidence directly contradicts Noojin's Affidavit, submitted with the motion for summary judgment, in which Noojin averred that all goods used by Noojin Roofing were produced in Florida (Dkt. 29, Noojin Aff., ¶ 9).[2]

> To obtain relief under Rule 60(b)(2):
>
> (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result. *Scutieri v. Paige,* 808 F.2d 785, 793 (11th Cir.1987).

A motion filed pursuant to Rule 60(b)(2) "is an extraordinary motion and the requirements of the rule must be strictly met." *Id.*

The instant motion fails at the outset because evidence that is in a party's possession prior to entry of judgment cannot be "newly discovered" within the meaning of Rule 60(b)(2). *See Taylor v. Texgas,* 831 F.2d 255, 257 (11th Cir.1987); *Gundotra v. IRS,* 160 F. App'x 834, 836 (11th Cir. 2005); *see also Mays v. U.S. Postal Serv.,* 122 F.3d 43, 46 (11th Cir. 1997). In the instant case, the pertinent portions of Bradley's Affidavit are based on his firsthand account of facts learned before

---

[1] Specifically, Bradley avers:
  6. During my employment with Defendants, I personally observed that Defendants regularly purchased supplies from Eagle Roofing Supply ("Eagle") and Suncoast Roofing Supply ("Suncoast"), both located in Florida, which primarily sold supplies that have been manufactured in California, among other states, and which were shipped through interstate commerce into Florida, specifically for Defendants.
  7. I know this because: (1) I witnessed Defendants special order these materials, which would take up to a month and a half for us to receive, based on the fact that our wholesale suppliers did not regularly carry theses [sic] items; and (2) I regularly signed for shipments of goods received directly from out of state manufacturers, such as California, and addressed specifically to Defendants.

[2] Noojin averred at summary judgment that "[w]henever supplies are needed for a roofing project, the products are purchased from Gulfeagle Supply, Suncoast Roofers Supply, and other various suppliers which produce the same in the State of Florida." (Noojin Aff., ¶ 9).

he stopped working for Defendants. (Bradley Aff. ¶¶ 6-7). In addition, Plaintiffs' counsel represented that Bradley was in contact with counsel before the response to the motion for summary judgment was filed. (Dkt. 38-5).[3] Because opt-in plaintiffs have "the same status in relation to the claims of the lawsuit as do the named plaintiffs," *Prickett v. DeKalb County*, 349 F.3d 1294, 1297 (11th Cir. 2003), Bradley's affidavit is not "newly discovered evidence" within the meaning of Rule 60(b)(2). *Taylor*, 831 F.2d at 257.

To prevail under Rule 60(b)(3), Plaintiff must prove fraud or misrepresentation by clear and convincing evidence. *Cox Nuclear Pharmacy v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir.2007). Plaintiff must also prove that the alleged fraud prevented him from fully presenting his case. *Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003). As with Rule 60(b)(2), evidence already in the movant's possession cannot form the basis for relief under Rule 60(b)(3). *Cox Nuclear Pharmacy*, 478 F.3d at 1314-15 (holding that evidence "cannot be the basis for relief under Rule 60(b)(3) for the obvious reason that, as a party to the communication, Cox has been in possession of this e-mail from the time it was sent"); *Waddell*, 329 F.3d at 1309-11. As stated above, the evidence contained in Bradley's affidavit was in his possession before judgment was entered. Plaintiff's motion for relief under Rule 60(b)(3) therefore fails. *See id.*; *Solomon v. Dekalb County*, 154 F. App'x 92, 94 (11th Cir.2005) ("When a party knows of evidence but chooses not to present it . . . that party is not entitled to Rule 60(b) relief following summary judgment.").

Based on the foregoing, Plaintiff's motion for relief from judgment (Dkt. 55) is DENIED.

---

[3] Specifically, in a July 18, 2008 email to Defendants' counsel, Frisch represented: "I have been in contact with opt-in David Bradley and should be able to get you response discovery documents early next week." (Dkt. 38-5). The response in opposition was filed July 21, 2008.

## 2. *Defendants' Motion for Rule 11 Sanctions*

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Defendants seek attorneys' fees incurred since the inception of this case against Plaintiffs' counsel only, arguing that the Complaint was filed without reasonable inquiry into Defendants' status as an "employer" pursuant to the FLSA, and that Plaintiffs' counsel continued to pursue the case after engaging in discovery that gave counsel, by his own admission, reason to question the validity of Plaintiffs' claims.

Rule 11 permits a court to impose sanctions when a party files a pleading, motion, or other paper that: (1) has no reasonable factual basis; (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) is presented for an improper purpose. *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001); Fed. R. Civ. P. 11(a)-(c). In contrast to motions for attorney's fees pursuant to 28 U.S.C. § 1927 or pursuant to the Court's inherent power, Rule 11 does not require a finding of objective bad faith. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991); *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1241 n.1 (11th Cir. 2006). Rather, an attorney's or party's conduct need "merely fail[] to meet a reasonableness standard." *Chambers*, 501 U.S. at 47. The pertinent question is what was reasonable to believe "under the circumstances," that is, at the time the pleading, motion, or other paper was submitted. *See Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

Plaintiffs argue that the instant motion should be denied because Defendants failed to comply with the "safe harbor" provision in Rule 11(c)(2), which requires the moving party to provide twenty-one days' notice to the opposing party of the challenged conduct. Although Defendants' motion for sanctions was properly filed after entry of judgment, *Baker*, 158 F.3d at 523, this does not excuse non-compliance with the safe harbor provision. *See Divane v. Krull Elec. Co., Inc.*, 200

F.3d 1020, 1026 (7th Cir. 1999) (noting that safe harbor provision for post-judgment motions is not an "empty formality"); *Olmsted v. Defosset*, 205 F. Supp. 2d 1316, 1324 (M.D. Fla. 2002). For this reason, Defendants' motion for Rule 11 sanctions (Dkt. 44) is DENIED.

### 3. *Defendants' Motion for Attorneys' Fees and Costs*

Defendants also argue that they are entitled to an award of fees and costs against Plaintiffs pursuant to this Court's inherent powers and against attorney Frisch individually pursuant to 28 U.S.C. § 1927. The Court addresses these arguments in turn.

*a. Inherent powers*

Although Defendants are not considered prevailing parties pursuant to § 216(b), they may be entitled to an award of fees pursuant to this Court's inherent powers under the bad faith exception to the American Rule. *See Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542-43 (11th Cir. 1985); *Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001). The Court may assess fees and costs against Plaintiffs if they "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* "In determining the propriety of a bad faith fee award, the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case." *Rothenberg v. Sec. Mgm't Co., Inc.*, 736 F.2d 1470, 1472 (11th Cir.1984).

Defendants contend that opt-in Plaintiff Bradley filed this lawsuit to harass Defendants. Specifically, Noojin avers that on the day he was terminated, Bradley threatened him with a pipe, screamed threats against the employees of Noojin Roofing, and also threatened to file a lawsuit, saying: "Morgan & Morgan . . . for the people." (Dkt. 43-4, Noojin Aff. ¶ 5). In addition, Defendants argue that Plaintiff Barefield failed to communicate with counsel and failed to provide affidavits in response to the motion for summary judgment and that opt-in Plaintiff Bradley failed to attend mediation and failed to provide Rule 26 disclosures.

While Plaintiffs may not have not acted with the attention their case required, the Court does not find their conduct amounts to bad faith. It may well be that Bradley's failure to participate was due to Frisch's position that Bradley was not required to participate in discovery or mediation because he was an opt-in Plaintiff. (*See* Dkt. 43-6, Bauman Supp. Aff., ¶¶ 5, 11). Barefield's failure to communicate with counsel, while ultimately resulting in judgment being entered in favor of Defendants, does not, by itself, amount to bad faith. Defendants never filed a motion to compel or motion for involuntary dismissal for lack of prosecution, which are recognized remedies for the type of conduct at issue. *See, e.g, Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) (affirming *sua sponte* dismissal for failure to prosecute). In short, Defendants have not demonstrated how Plaintiffs' actions -- or lack thereof -- in this lawsuit delayed or disrupted this litigation or hampered the enforcement of a court order. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993).

Although bad faith may also be found in a party's actions leading to a lawsuit, *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980), Bradley's pre-suit threats to Noojin and Noojin Roofing employees are likewise insufficient to support a finding of bad faith. There is no indication that this lawsuit was filed for a purpose other than to recover allegedly unpaid overtime compensation.

b.     *28 U.S.C. § 1927*

Defendants also seek attorneys' fees and costs from attorney Frisch individually. Pursuant to 28 U.S.C. § 1927, any attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." In order to warrant sanctions under

this section, Defendants must demonstrate that: (1) Plaintiff's counsel engaged in "unreasonable and vexatious conduct;" (2) the conduct "multiplie[d] the proceedings," and (3) the dollar amount of the sanction bears a "financial nexus to the excess proceedings." *Hudson v. Int'l Computer Negotiations, Inc.*, 499 F.3d 1252, 1262 (11th Cir. 2007). An attorney's conduct is sufficient to meet the first prong "only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Id.* Negligent conduct will not suffice; the attorney must "knowingly or recklessly pursue a frivolous claim." *Id.* The Court's "authority to issue sanctions for attorney misconduct under § 1927 is either broader than or equally as broad as the district court's authority to issue a sanctions order under its inherent powers." *Amlong & Amlong, P.A.*, 500 F.3d at 1239.

In the instant motion, Defendants contend that bad faith can be inferred from the following conduct, which they assert needlessly multiplied the proceedings: (1) Plaintiffs' former counsel Charles Scalise failed to attend the Case Management Report conference;[4] (2) Plaintiffs' current counsel, Andrew Frisch, did not attend the mediation, instead sending another attorney not of record, C. Ryan Morgan, who did not provide any calculation of damages; (3) Plaintiffs failed to provide timely Rule 26 disclosures, necessitating a motion for sanctions, and failed to timely respond to other discovery requests; and (4) after representing in the motion to withdraw that Frisch had reason to question the validity of Plaintiffs' claims, Frisch filed an unsupported response to the motion for summary judgment and failed to advise Plaintiffs to dismiss the case.[5]

---

[4] On March 3, 2008, this Court granted Plaintiff's Unopposed Motion to Substitute Counsel, substituting counsel Andrew Frisch, Esq. for withdrawing counsel Charles Scalise, Esq., both of the law firm Morgan & Morgan, P.A. (Dkts. 15, 16).

[5] Defendants also contend that Frisch provided a settlement request to Defendants, requesting a "quick turn-around" and withdrew the settlement request when Defendants' counsel stated that he might not be able to immediately contact Defendants. Defendants provide no support indicating that this constitutes sanctionable conduct.

*1.    Discovery*

With respect to Plaintiffs' failure to timely respond to discovery, the Court notes that both parties were dilatory in seeking and responding to discovery. The original discovery deadline was May 15, 2008. (Dkt. 10). Defendants did not serve Rule 26 disclosures on Plaintiffs until May 21, 2008. (Dkt. 37-2). Plaintiffs did not serve discovery requests on Defendants until April 30, 2008, while Defendants did not serve discovery requests until June 13, 2008. (Dkt. 37; Dkt. 38-2). On the last day of discovery, Plaintiffs moved to extend the discovery deadline to July 15, 2008 because prior to Frisch's substitution as counsel, "virtually no discovery had been completed." (Dkt. 19 at 1). The Magistrate Judge granted that motion and extended the deadline to July 15, 2008. (Dkt. 22). Plaintiffs provided Rule 26 disclosures on July 19, 2008 and discovery responses on July 21, 2008, both after the modified discovery deadline. (Dkt. 38-6; Dkt. 37-3).

Based on the parties' joint failure to timely pursue and complete discovery, the Court does not find that Frisch's conduct amounts to bad faith under § 1927. In addition, Defendants have not demonstrated an increased cost due to the late discovery.

With respect to Bradley's Rule 26 disclosures, which were ultimately provided on July 19, 2008, Defendants' counsel avers that Frisch's position was that Bradley, as an opt-in Plaintiff, did not have to participate in discovery, provide Rule 26 disclosures, or attend mediation. (Bauman Supp. Aff., ¶¶ 5, 11). While Frisch's position is arguably incorrect, Defendants never filed a motion challenging this position and there is no evidence that Frisch's position was so egregious that it is tantamount to bad faith.[6] *Cf. Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179-80 (9th

---

[6] To the extent Frisch was awaiting a court order "certifying" this case as an FLSA collective action for Bradley's consent-to-join to be effective, that position is incorrect, as court approval or participation is not technically required for notice to be sent. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *Hipp*

Cir. 2008) (noting that defendant's right to individualized damages disclosures from FLSA opt-in plaintiffs remains unsettled).

2.  *Motion to withdraw*

Defendants also challenge Frisch's filing of his motion to withdraw and the response to Defendants' motion for summary judgment. Three days after the motion for summary judgment was filed, Frisch filed a motion to withdraw as counsel, stating that "[a]s discovery has been taken, the information revealed has given the undersigned reason to question the validity of Plaintiff [*sic*] and opt-in Plaintiff's claims." (Dkt. 32 at 2). It is well-established that "when an attorney knows or reasonably should know that a claim pursued is frivolous . . . a trial court does not err by assessing fees attributable to such actions against the attorney." *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986); *see also Malautea*, 987 F.2d at 1546 ("An attorney's duty to a client can never outweigh his or her responsibility to see that our system of justice functions smoothly."). Following the motion to withdraw, Frisch filed a response to the motion for summary judgment, which was lacking in admissible record evidence.

Second, although Frisch premised the motion to withdraw on Barefield's failure to

---

*v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001). As another district court in this circuit has explained:
> On the one hand, § 216(b) does not require parties to obtain judicial approval before seeking to locate other "similarly situated" persons; although the court would, of course, consider challenges to the validity of any consents filed, it is not the court's role to prohibit plaintiffs from attempting to gather these consents. On the other hand, the act does not prohibit judicial involvement; the court may assist the plaintiffs in giving notice, as long as that assistance is appropriate.
>
> *Garner v. G.D. Searle Pharms. & Co.*, 802 F. Supp. 418, 421 (M.D. Ala. 1991).

Because Defendants never filed a motion challenging Bradley's status as "similarly situated" to Barefield, he was a party-plaintiff upon the filing of his consent-to-join. (Dkt. 3). *See Prickett*, 349 F.3d at 1297 (noting that an opt-in plaintiff consents to join in the "action as a whole"); 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.")

10

communicate with him, it appears that Frisch was in contact with Bradley before the response in opposition was filed. Specifically, in a July 18, 2008 email to Defendants' counsel, Frisch represented: "I have been in contact with opt-in David Bradley and should be able to get you response discovery documents early next week." (Dkt. 38-5). The response in opposition was filed July 21, 2008.[7] Accordingly, it appears Frisch had ample opportunity to present the evidence from Bradley that he now improperly seeks to present through a Rule 60(b) motion.

Despite Frisch's filing of an unsupported response in opposition, the Court does not perceive an appropriate basis for § 1927 sanctions, as Defendants have failed to demonstrate any excess cost from multiplied proceedings. *Hudson*, 499 F.3d 1262. Based on the record, Defendants filed a successful motion for summary judgment. Although Defendants' counsel's affidavits as to attorney's fees indicate that counsel spent 2.8 hours reviewing Plaintiffs' response in opposition and 7 hours preparing for and attending the summary judgment hearing (Dkt. 43-5 at 8), these costs are a necessary consequence of Defendants' motion for summary judgment and this Court's Order directing Plaintiffs to respond to the motion. In this respect, the proceedings were not multiplied, nor did Defendants incur costs beyond that which are typically necessary to defend this type of action.

Notwithstanding, the Court notes that Frisch was on notice from the filing of Defendants' Answer on October 18, 2007 that Defendants were alleging that they did not use or produce goods in interstate commerce. (Dkt. 6). Had Frisch conducted any discovery on this defense, it would have supplied the necessary evidence to evaluate and address the applicability of the defense well in

---

[7] In an apparent contradiction, in the response to the instant motion, Frisch avers: "Only after filing such opposition, did the undersigned finally receive the first telephone call from opt-in David Bradley, in the approximately five (5) months he was counsel." (Dkt. 53, Frisch Aff., ¶ 25).

advance of summary judgment. The Court also notes that another attorney from the law firm of Morgan & Morgan filed a motion to withdraw under similar circumstances, in the face of a well-briefed motion for summary judgment. (*See* Case No. 8:07-cv-1608-T-27MSS, Dkt. 27). Motions to withdraw under these circumstances are not well-taken.

*3.  Remaining conduct*

Scalise's failure to attend the case management conference violated Rule 26(f) of the Federal Rules of Civil Procedure, which requires that the "attorney of record" shall arrange the conference, agree on a proposed discovery plan, and submit the plan to the Court. Fed. R. Civ. P. 26(f)(2). Frisch's failure to attend the mediation conference was also inappropriate. Although counsel of record is not specifically required to attend mediation by a rule of this Court, lead counsel's attendance is essential to a meaningful mediation and, by extension, adequate representation of the client.

Although Scalise's and Frisch's conduct evinces inattention to this litigation, Defendants have again failed to demonstrate how this conduct multiplied the proceedings. Attorneys Frisch and Scalise are, however, reminded of the following provisions of the Florida Rules of Professional Conduct:

> Rule 4-1.1 Competence: A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.
>
> Rule 4-1.3: Diligence: A lawyer shall act with reasonable diligence and promptness in representing a client.[8]

---

[8] The Court notes that the law firm of Morgan & Morgan, P.A., Scalise, and Frisch are the subject of a case filed by the District Judges of the Orlando Division based on the prevalence of Orders to Show Cause directed to the attorneys of the law firm's FLSA section. (Case No. 6:08-mc-49-Orl-GJK, Dkt. 1).

*Conclusion*

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Award of Attorneys' Fees and Costs (Dkt. 43) is **DENIED**, Defendants' Motion for Rule 11 Sanctions (Dkt. 44) is **DENIED**, and Plaintiff's Verified Motion for Relief from Judgment Pursuant to Rule 60(b) (Dkt. 55) is **DENIED**.[9]

**DONE AND ORDERED** in chambers this 7th day of January, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[9] To the extent Defendants seek Rule 54(d) costs, Defendants are directed to comply with Federal Rule 54(d)(1).